# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

ELOIS P. RUSSELL, :
:
    Claimant, :
:
v. :   CASE NO. 1:07-CV-157 (WLS)
:   Social Security Appeal
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*  The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations pursuant to the authority provided by the Social Security Act.  20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986).  See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.     Whether the ALJ failed to properly evaluate the Claimant's residual functional capacity?**

**II.    Whether the ALJ erred in evaluating Claimant's subjective allegations of pain?**

### Administrative Proceedings

Claimant protectively filed for disability benefits on May 14, 2004. (T-19). Claimant's application was denied initially and on reconsideration. Claimant then filed a request for a hearing before an administrative law judge (ALJ), wherein a hearing was

3

ultimately held on November 7, 2006. (T-35-58). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated December 19, 2006. (T-16-24). Claimant then requested a review of the ALJ's findings by the Appeals Council and submitted new evidence for review. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

### Statement of Facts and Evidence

Claimant alleges in her disability application that she is disabled due to spurs on the back of her neck, right arm, left wrist, left knee and ankles. (T-132). After examining the medical records, the ALJ determined that Claimant had degenerative disc disease/ degenerative/ joint disease of the cervical spine with mild tenderness at C5-6, mild impairment of the right shoulder, minor thorasic scoliosis, mild irregularity left wrist, and mild to moderate lumbar levo scoliosis, impairments that were severe within the meaning of the Regulations, but not severe enough to meet any of the relevant Listings. (T-21,22). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform her past relevant work. (T-23). As such, the ALJ found that Claimant was not disabled. (T-24).

### DISCUSSION

**I.     Did the ALJ fail to properly evaluate Claimant's residual functional capacity?**

In her first enumeration of error, Claimant contends that the ALJ failed to consider all of her impairments in making his residual functional capacity determination. (R-11, p. 7). Specifically, Claimant argues that the ALJ failed to properly consider her shoulder and back impairments or her uncontrolled blood pressure in making his residual functional capacity

determination; failed to consider her obesity; and erred in finding that she could return to her past relevant work. *Id.*

  A.  **Shoulder and Back Impairments/Blood Pressure/ Obesity**

Claimant first contends that the ALJ failed to appropriately consider her shoulder and back impairments or her uncontrolled blood pressure in making his ultimate RFC determination. (R-11, p. 8). Claimant argues that the ALJ relied on the non-examining state agency consultants, whose opinions failed to take into account said impairments. *Id.*

The Regulations state that where an ALJ finds that the Claimant's impairments do not meet the relevant Listing, he is required to make a determination as to whether the Claimant still has the residual functional capacity to engage in gainful employment by returning to his former work or performing other work which he would be able to perform taking into consideration his limitational impairments. 20 C.F.R. §§ 404.1545 and 416.945, Social Security Ruling 96-8p. Regarding her claim that the ALJ failed to properly evaluate her shoulder and back impairments, as was noted above, the ALJ found that Claimant's degenerative disc disease of the cervical spine and right shoulder impairment were severe. (T-21). The ALJ, who based his RFC decision on the evidence of record, including the post-evaluation opinions of state agency consultants, Claimant's activities of daily living, Claimant's testimony, as well as the claims of pain as subjectively alleged by the Claimant, then found that she had the residual functional capacity to perform medium work. (T-23).

As to the claim that the ALJ failed to take into account her blood pressure or her obesity, Claimant is reminded that merely noting the existence of an impairment does not

5

make it a condition the Commissioner must analyze. As the Regulations state, the burden of proving that she is disabled is on the Claimant. *See,* 20 C.F.R. § 416.912. That means that "[I]n an action seeking disability benefits, the burden is upon the claimant to demonstrate existence of a disability as defined by the Social Security Act." *Brady v. Heckler,* 724, F.2d 914, 918 (11th Cir. 1984); *citing Fortenberry v. Harris,* 612 F.2d 947 (5th Cir.1980). It is, therefore, not the responsibility of the ALJ to analyze each and every impairment listed by the claimant in her medical records to determine if that impairment causes or contributes to a claimant's inability to work. It is the sole responsibility of the claimant to do so. To require that the ALJ address every impairment mentioned in a claimant's medical records to determine its severity would remove the burden from the Claimant and place it squarely on the shoulders of the Commissioner. The medical records in this case fail to establish that Claimant's blood pressure had any limiting effects on her ability to perform work-related activities. Furthermore, Claimant failed to meet her burden of showing how her obesity affected her other conditions, so as to meet or equal a listing. Regulation 00-3p states, "We will not make assumptions about the severity of functional effects of obesity combined with other impairments. Obesity in combination with other impairments may or may not increase the severity or functional limitations of other impairments." The burden is on Claimant to present evidence of any claimed impairment and/or any combination of impairments.

A review of the ALJ's findings reveals no error in making his determinations. The medical records as provided by the Claimant fail to establish that her back and shoulder limitations, nor her uncontrolled blood pressure, affected her to any greater degree than the

ALJ found. Therefore, no error is found as to this claim.

      **B.     Past Relevant Work**

Claimant also argues that the ALJ erred in determining that she had the residual functional capacity to perform her past relevant work as a dry kiln operator. (R-11, p. 10). The Regulations state that Claimant bears the burden of proving that she is incapable of performing her past relevant work, either as she performed it or as it is generally performed in the national economy. See 20 C.F.R. §416.920(a)(4)(iv), (f). After establishing that Claimant could return to her past relevant work, the ALJ is not required to go any further in the sequential evaluation. 20 C.F.R. §416.960(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work . . . we will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy").

As noted *supra*, a review of the findings in this case demonstrates that the ALJ did not err in determining Claimant's residual functional capacity. Therefore, the burden shifted to Claimant to establish that she was unable to perform her past relevant work. Based on his evaluation of the medical evidence as a whole, along with the testimony of the Claimant, the ALJ found that Claimant retained the RFC to perform medium work. He based that decision on his finding that Dr. Bari's medical opinion was unsupported, on the evaluations of the state agency physicians and on the testimony of the Claimant herself. Accordingly, the ALJ applied the appropriate legal standards and his decision is supported by substantial evidence.

**II.     Did the ALJ err in evaluating the Claimant's subjective allegations of pain?**

Claimant lastly contends that the ALJ erred in making his determination regarding her credibility. (R-11, p. 11). She argues that his credibility finding does not comply with SSR 96-7p. *Id.*

Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

In his Findings, the ALJ discussed Claimant's medical records and work history with regard to the Claimant's allegations of the severity, i.e. the "intensity, persistance and limiting effects" of her pain. (T-23). A review of the record reveals that the ALJ considered

Claimant's testimony, medical evidence provided by the Claimant, and her functional limitations to find that Claimant's allegations of pain were generally credible, but that the medical evidence of record did not support the severity alleged. *Id.*

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." S.S.R. 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported his credibility assessment with substantial evidence in the record. As such, no error is found in the ALJ's evaluation of Claimant's subjective allegations of pain.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED**, this the 28th Day of August, 2008.

S/ G. MALLON FAIRCLOTH  
UNITED STATES MAGISTRATE JUDGE

eSw